## THE PHŒNIX.

## THE ATLANTA.

## ROGERS *v.* THE PHŒNIX and THE ATLANTA.

*(District Court, S. D. New York.    April 20, 1892.)*

COLLISION—FOG—STEAM-VESSELS CROSSING—DELAY IN BACKING.
    The steam-lighter P., in a fog, light above but thick near the water, saw at a considerable distance the smoke-stack of the tug A. crossing her course, and somewhat on her starboard hand, and knew by the signals of the A. that she had a tow. Nevertheless she did not reverse until the A.'s tow appeared through the fog, 50 feet away.    *Held*, that such delay fixed upon the P. the blame for the collision which ensued, and that the A., being in doubt as to the P.'s course, was justified in reversing under rule 21, even though going on might have avoided the collision.

In Admiralty.    Libel for collision.
*Butler, Stillman & Hubbard* and *Mr. Cromwell*, for libelant.
*Gherardi Davis*, for the Phœnix.
*Goodrich, Deady & Goodrich*, for the Atlanta.

BROWN, District Judge.    On the 23d of December, 1891, the libelant's canal-boat was taken in tow at the Morris canal basin, Jersey City, by the steam-tug Atlanta, to be towed to the Atlantic basin, Brooklyn. The canal-boat was the outer of two boats on her port side, there being another boat on her starboard side.    The morning was foggy, and after waiting about an hour at the mouth of Morris canal basin, the fog lifted and the Atlanta started on her way.    When less than half way across the North river, the fog shut down again somewhat thick near the water, but much less higher up.    Shortly afterwards the libelant's barge was struck a little forward of amid-ships by the stem of the steam lighter Phœnix which was on her way from pier 1, North river, to Communipaw.

After the fog shut down the Atlanta proceeded slowly under one bell, and her pilot testifies that the hull of the Phœnix, as well as her mast, became visible at a considerable distance. The Atlanta was a little on the starboard hand of the Phœnix. Fog signals indicating a tow had been regularly given by the Atlanta, and an additional signal of one whistle was given to the Phœnix when she was seen at a sufficient distance to keep away, which the Phœnix answered with one whistle. Afterwards the pilot of the Atlanta, seeing that the Phœnix was not keeping away, but kept coming towards him, reversed when some 200 or 300 feet distant. The Phœnix was but one-third loaded, and after the fog shut down upon her in mid-river she also slowed.

The evidence leaves no doubt that the Phœnix had timely notice of the Atlanta's presence with a tow a little on her starboard hand, and that she saw the smoke-stack of the Atlanta in abundant time to have avoided her, as it was her duty to do, either by going to starboard, or by stopping and reversing. She delayed reversing, according to her own pilot's testimony, until the canal-boat came in sight not over 50 feet distant. This delay fixes the blame upon the Phœnix. The Atlanta, seeing that the lighter kept coming towards her, reversed as was her duty under the old twenty-first rule. Had she kept on, she might possibly have cleared; but that is not enough to charge her with fault. She did not know and could not tell, what the Phœnix was doing, or why she did not keep away in accordance with the previous exchange of signals. There was no such clear case as justified or required the Atlanta to disregard the twenty-first rule. The error, if any, was an error of judgment *in extremis*, brought about by the previous fault of the Phœnix.

Decree for the libelant against the Phœnix; and for the dismissal of the libel against the Atlanta, with costs.